```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| DAVID STRUDLER, | : | |
| | : | CIVIL ACTION NO. 05-6012 (MLC) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| UNITED STATES POST OFFICE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**THE DEFENDANT**, United States Post Office ("USPO"), moving pursuant to Federal Rule of Civil Procedure ("Rule") 56(c) for the entry of summary judgment in its favor as to the claim asserted against it (dkt. entry no. 6); and

**THE COURT HAVING READ** the papers in support of and opposition to the motion; and USPO arguing that the plaintiff cannot seek indemnification from USPO because jewelry and other valuables cannot be sent by Global Express Mail (USPO Br., at 10); and the plaintiff, pro se, arguing that USPO should indemnify him because (1) a USPO clerk accepted and insured his package knowing that it contained a watch, and (2) the instructions on the package stated that if the package could not be delivered it should be returned to the plaintiff (Strudler Letter); and

**THE COURT NOTING** that the plaintiff is seeking insurance indemnification for a watch that was sent to Germany via Global Express Mail, but allegedly was not delivered (Compl.); and the plaintiff characterizing this action as a contract claim (see

dkt. entry no. 1, Summons);[1] and the Court noting that the mail receipt for the plaintiff's package contained the following disclaimer:

> [i]nsurance is provided only in accordance with postal regulations in the . . . <u>International Mail Manual</u> [IMM]. . . . [T]he IMM consist[s] of federal regulations and USPS personnel are NOT authorized to change or waive these regulations or grant exceptions . . . For International Express Mail shipment . . . indemnity is not paid for platinum, gold, and silver . . . precious stones, jewelry, and other valuable or prohibited articles

(USPS Ex. 15); and it appearing, therefore, that the mail receipt represents the contract at issue in this action, <u>A.E. Alie & Sons, Inc. v. U.S. Postal Serv.</u>, 897 F.2d 591, 593 (1st Cir. 1990); and

**THE IMM PROVIDING** (1) "precious stones, jewels, jewelry, watches, and other valuable articles" are prohibited in Global Express Mail shipments, IMM §§ 134.1, 221.2, and (2) indemnity for Global Express Mail items will not be paid when the contents are prohibited, <u>id.</u> at § 935.2;[2] and the IMM further providing "[r]egardless of any statement in this manual or statement of any employee of the United States Postal Service, the burden rests with the mailer to ensure compliance with domestic,

---

[1] The plaintiff could not maintain a cause of action in tort against USPO because USPO is entitled to sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); see also <u>Dolan v. U.S. Postal Serv.</u>, 126 S.Ct. 1252, 1256 (2006).

[2] The International Mail Manual is available at http://pe.usps.gov.

2

international, and individual country rules and regulations for mailability," id. at § 131.4; and the Court recognizing the regulations of the IMM are binding and incorporated into the Code of Federal Regulations, 39 C.F.R. § 20.1; and

**IT APPEARING** that the terms of the mail receipt are unambiguous, see Ames v. U.S. Postal Serv., No. 05-4429, 2005 WL 3536202, at *2 (D.N.J. Dec. 21, 2005); and the Court determining that USPO has made a prima facie showing that the plaintiff cannot be indemnified because a watch is a prohibited item for which indemnity is not available, and that the plaintiff, in response, has failed to raise a triable issue of fact; and the Court determining that USPO's refusal to indemnify the plaintiff was consistent with the terms of the mail receipt and the provisions of the IMM, and therefore not a breach of contract;[3] and

**THE COURT RECOGNIZING** that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

---

[3] The plaintiff has not alleged that he relied on an oral statement of a postal clerk that his package was able to be mailed and insured through Global Express Mail. Even if the plaintiff did allege that he relied on a statement that was contrary to the terms of the mail receipt or the IMM, he could not raise a triable issue of fact based on equitable estoppel. His claim would fail because reliance on the representations of a postal worker is not reasonable. See Ames, 2005 WL 3536202, at *3-*4; Gildor v. U.S. Postal Serv., 376 F.Supp.2d 284, 290 (N.D.N.Y. 2005).

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," Fed.R.Civ.P. 56(c); and

**THE COURT INTENDING** to decide the motion without oral argument pursuant to Rule 78; and the Court intending to grant the motion, and enter summary judgment in USPO's favor; and for good cause appearing, the Court will issue and appropriate order and judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge